IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENDRA C. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:25-cv-01007 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| THISTLE FARMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court[1] is the report and recommendation (Doc. No. 15, "R&R") of the

Magistrate Judge, which recommends that the Court grant the motion to dismiss (Doc. No. 10,

"Motion") that was filed by Defendant Tasha Kennard and Defendant Courtney Sobieralski

(collectively, the "Individual Defendants," and together with Defendant Thistle Farms,

"Defendants").[2] (Doc. No. 15 at 1, 18). Specifically, the R&R recommends that the Motion be

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Via the Motion, the other defendant in this action, Defendant Thistle Farms, requests that the Court "dismiss Plaintiff's Complaint against it with respect to her claims under Tennessee Code Annotated 39-17- 308(2), 39-16-502 and 39-17-309 as they are criminal statutes with no private right of action and the Fourth, Fifth, Ninth and Fourteenth Amendments of the U.S. Constitution as they are not enforceable against non-governmental entities." (Doc. No. 10 at 1). In evaluating this request, the Magistrate Judge noted that Defendant Thistle Farms "asks, almost as an afterthought, to join in the Individual Defendants' motion to dismiss Smith's claims under the Constitution and the aforementioned Tennessee criminal statutes," (Doc. No. 15 at 5), and noted that such a request is "both untimely as a motion to dismiss under Rule 12(b)(6)"—because Defendant Thistle Farms has already filed an answer (Doc. No. 9) to the complaint (Doc. No. 1)—"and premature as a motion for judgment on the pleadings under Rule 12(c)" because the Individual Defendants have not filed answers to the complaint so that the pleadings are not yet closed in this action. (Doc. No. 15 at 6). Ultimately, the Magistrate Judge construed Defendant Thistle Farms's request as a "post-answer 12(b)(6) motion" on the part of Defendant Thistle Farms, (Doc. No. 15 at 6), and went on to analyze whether Plaintiff, Kendra C. Smith, adequately pled cognizable claims—but only analyzing "those claims arising under the enumerated Tennessee criminal statutes and the aforementioned constitutional amendments"—against Defendant Thistle Farms. (Doc. No. 15 at 6).

granted and that (1) all the claims that Plaintiff, Kendra C. Smith, brought against the Individual Defendants be dismissed; (2) the Clerk administratively terminate the Individual Defendants as defendants in this action; (3) Plaintiff's claims against Defendant Thistle Farms brought pursuant to Tenn. Code Ann. §§ 39-17-308 (for harassment), 39-17-309 (for intimidation of others from exercising civil rights), and 39-16-502 (for false reporting) be dismissed; and (4) Plaintiff's claims against Defendant Thistle Farms brought under the Fourth, Fifth, Ninth, and Fourteenth Amendments be dismissed. (Doc. No. 15 at 18).[3] No objections to the R&R have been filed and the time for filing objections has now expired.[4]

Absent any objection to the factual and procedural background (regarding the underlying circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that background in its entirety and includes it immediately below for reference:

---

[3] Plaintiff filed a response (Doc. No. 12, "Response") in opposition to the Motion. Although Plaintiff styled her Response as a "Motion," this filing is in substance plainly not a motion, but rather a response brief filed in opposition to the Motion. Indeed, although Plaintiff requested various forms of relief from the Court in her Response—namely permitting Plaintiff to amend her complaint, allowing Plaintiff to file supplemental facts or arguments under seal, levying sanctions on opposing counsel, and entering default judgment against Defendants—the Magistrate Judge correctly found that "those requests are improperly before the Court and will not be considered." (Doc. No. 15 at 8). Put another way, a response to a motion is an improper vehicle to request relief (other than denial of the motion). *See Marsh v. Rhodes*, Civil Action No. 14-12947, 2016 WL 11469776, at *1 n.1 (E.D. Mich. Apr. 21, 2016) ("it is not proper to file a separate motion within a response brief"), *report & recommendation adopted* 2016 WL 3563561 (E.D. Mich. July 1, 2016), *appeal dismissed*, No. 16-2053 (6th Cir. Sept. 1, 2016); *Brewer v. Air Prods. & Chemicals, Inc.*, No. 5:23-CV-00123-BJB-HBB, 2024 WL 3416594, at *4 (W.D. Ky. July 15, 2024) ("a response to a motion, as opposed to a motion by the requesting party, is not the appropriate vehicle for requesting relief."). Accordingly, below the Clerk will be directed to terminate the filing at Docket No. 12 as a motion.
To the extent that Plaintiff intends to request relief from this Court, Plaintiff should file a motion—separate  from any response brief—to seek such relief.

[4] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on April 16, 2026 and as of May 6, 2026, Plaintiff has not filed any objections.

# I. Background

## A. Factual background

According to Smith's *pro se* complaint, she was hired by Thistle on December 11, 2023, as a licensed practical nurse ("LPN"). (Doc. No. 1.) Approximately two months later, on February 8, 2024, Smith says that she approached Kennard and [Sobieralski] (collectively, the "Individual Defendants") "regarding illegal smoking, vaping, and drug use inside the workplace[,]" as well as conveying Smith's concerns that her direct supervisor was asking her "to break the law and work outside of [the] scope of [her] practice." (*Id.* at 8, ¶¶ 2, 3.)

On or about February 8 and 9, 2024, Smith says that she reported that she felt unsafe at home and in the workplace, but that she was subsequently met with "an increasingly hostile work environment" and that she "was harassed, defamed, and retaliated against." (*Id.* at 8, ¶¶ 5, 6.) Later on February 9, 2024, Smith asserts that Thistle arranged for a Metropolitan Nashville Police Department Officer and a mental health responder to be on site while Smith retrieved personal items from her office. (*Id.* at 8, ¶ 7.) Smith alleges that, later that evening, Kennard filed a report with the Mt. Juliet, Tennessee, Police Department ("MJPD") and that, as a result, MJPD officers responded to her home. (*Id.* at 8, ¶ 8.) According to Smith, Thistle eventually terminated her employment effective February 13, 2024. (*Id.* at 8, ¶ 9.)

## B. Procedural History

Smith's complaint and supporting documents show that she filed a charge of discrimination and retaliation against Thistle under Title VII and the ADA with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") on December 3, 2024. (Doc. No. 1-1.) As "the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government" that Smith believed engaged in discrimination, she named "Thistle Farms, Inc." (*Id.* at 1.) On June 13, 2025, the EEOC issued its determination that it would not proceed with any further investigation and provided Smith with notice of her right to sue within ninety days. (Doc. No. 1-1.) Accordingly, Smith filed the instant action on September 4, 2025, and named Thistle, Kennard, and Sobieralski as defendants. (Doc. No. 1.) Utilizing the "JS 44" civil cover sheet, Smith asserts federal question jurisdiction and alleges federal claims under 42 U.S.C. §§ 1983, 2000e, and 12112. (Doc. No. 1-4.)

Smith's complaint is not always clear as to which defendants she levies her allegations. Under her Title VII and ADA claims, Smith appears to plead that all three named defendants discriminated against her due to her asthma, Post-Traumatic Stress Disorder, and anxiety in violation of the ADA. Similarly, Smith broadly accuses all three defendants of discrimination because they terminated her

employment, failed to accommodate her disability or perceived disability, subjected her to unequal terms and conditions of her employment, otherwise harassed and intimidated her, and then retaliated against her. (Doc. No. 1.)

Smith also asserts that Defendants engaged in harassment, the intimidation of others from exercising civil rights, and the filing of false reports with law enforcement under Tennessee's criminal codes. (*Id.*) Finally, Smith concluded her factual assertions by stating that "Plaintiff's federal civil rights of the U.S. Constitution including but not limited to the 4th, 5th, 9th, and 14th Amendments have been violated by the defendants." (*Id.* at 8, ¶ 14.)

Thistle answered Smith's complaint and denied her allegations on November 12, 2025 (Doc. No. 9). Later that same day, the Individual Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. No. 10). In their memorandum in support of their motion to dismiss, the Individual [Defendants] state that,

> [i]n addition, Defendant Thistle Farms respectfully requests that this Court dismiss Plaintiff's Complaint against it with respect to her claims under Tennessee Code Annotated 39-17-308(2), 39-16-502 and 39-17-309 as they are criminal statutes with no private right of action and the Fourth, Fifth, Ninth and Fourteenth Amendments of the U.S. Constitution as they are not enforceable against non-governmental entities.

(Doc. No. 10 at 1.) Smith filed a response in opposition to Defendants' motion to dismiss on November 21, 2025. (Doc. No. 12.)

The case was referred to the Magistrate Judge for case management and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B) and the pending motion to dismiss is ripe.

(Doc. No. 15 at 2-4). The Magistrate Judge concluded that the Motion should be granted, and that (1) all the claims that Plaintiff, Kendra C. Smith, brought against the Individual Defendants should be dismissed; (2) the Clerk should administratively terminate the Individual Defendants as defendants in this action; (3) Plaintiff's claims against Defendant Thistle Farms brought pursuant to Tenn. Code Ann. §§ 39-17-308 (for harassment), 39-17-309 (for intimidation of others from exercising civil rights), and 39-16-502 (for false reporting) should be dismissed; and (4) Plaintiff's

claims against Defendant Thistle Farms brought under the Fourth, Fifth, Ninth, and Fourteenth Amendments should be dismissed. (Doc. No. 15 at 18).

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-00010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 15) is adopted and approved. Accordingly, the Motion (Doc. No. 10) is **GRANTED** and (1) all the claims that Plaintiff brought against the

Individual Defendants are **DISMISSED**; (2) the Clerk is **DIRECTED** to administratively terminate Tasha Kennard and Courtney Sobieralski as defendants in this action; (3) Plaintiff's claims against Defendant Thistle Farms brought pursuant to Tenn. Code Ann. §§ 39-17-308 (for harassment), 39-17-309 (for intimidation of others from exercising civil rights), and 39-16-502 (for false reporting) are **DISMISSED**; and (4) Plaintiff's claims against Defendant Thistle Farms brought under the Fourth, Fifth, Ninth, and Fourteenth Amendments are **DISMISSED**. Plaintiff's other claims against Defendant Thistle Farms remain pending.

Additionally, and for the reasons stated in footnote 3 above, the Clerk is **DIRECTED** to terminate the filing at Docket No. 12 as a motion.

IT IS SO ORDERED.


_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE